

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

July 14, 2022

<u>VIA CM/ECF</u>
Honorable Magistrate Judge Lindsay
United States District Court
Eastern District of New York

         Re: *Fernandez v. Meadowmere;*
            20-CV-2923 (KAM)(ARL)

Dear Judge Lindsay:

  This firm represents Plaintiff Marco Fernandez in the above-referenced matter. Plaintiff writes jointly with Defendants (collectively, the "Parties") to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." <u>Wolinsky v. Scholastic, Inc.</u>, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). A true and correct copy of the Agreement is attached as **Exhibit A**.

  Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties, both of whom were represented by attorneys with substantial experience in wage and hour litigation, with the help of a neutral mediator. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement. The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.

  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

  **I.**  **Statement of the Case**

  This is an action for money damages brought by Plaintiff Marco Fernandez, who worked for Defendants as a construction worker. In July of 2020, he filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and violations of the New York Labor Law §§ 195 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff alleged Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

5 Penn Plaza, 23rd Floor
New York, NY 10001

1629 K Street, NW, Suite 300
Washington, DC 20006

10750 NW 6th Court
Miami, FL 33168

Defendants denied the allegations and asserted several affirmative defenses, including contesting the compensability of some of the time for which Plaintiff claimed he was owed wages. Defendants also made representations through their counsel of an inability to pay a large judgment.

## II.     The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $48,000 to settle all claims. Of this amount, $16,735.00 will be attorneys' fees and expenses, with the remainder ($31,265.00) to go to Plaintiff. Counsel for both parties believe this settlement is fair and reasonable in light of the risks of protracted litigation, in particular the risk that Defendants would be unable to withstand a larger judgment.

Under Lynn's Food, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Additionally, the settlement is sufficiently narrow in scope, as the release is limited in scope to FLSA and NYLL claims and contains no confidentiality requirement. Nothing in the Agreement prohibits Plaintiff from truthfully discussing his employment or the facts giving rise to this Action.

## III.    Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with Plaintiff, Plaintiff's counsel will receive $15,840.00 as attorneys' fees, which represents 33% of the total settlement, and $895 as reimbursement for reasonable expenses, including filing and service fees and Plaintiff's share of the mediation costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. E.g. Flaherty v. Landnew Corp., 15 Civ. 05719 (RJD) (VMS) (E.D.N.Y. August 8, 2016) (approving 35% contingency fee in FLSA case); Amaro v. Barbuto, LLC, No. 16-CV-1581 (AJN), 2017 U.S. Dist. LEXIS 15425 (S.D.N.Y. Feb. 2, 2017) (approving 39% fee for individual FLSA settlement). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). See, e.g., Gomez v. Midwood Lumber & Millwork, Inc., No. 17-CV-3064(KAM)(JO), 2018 U.S. Dist. LEXIS 101019, at *10 (E.D.N.Y. June 17, 2018) ("in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary

interest 'did not adversely affect the extent of relief counsel procured for the client[].'"). Additionally, Plaintiff has already agreed to the fee provided for in the settlement. *See* Ex. A.

Additionally, the attorneys' fees in this case, while calculated as a percentage of the total settlement, are roughly equivalent to the amount Plaintiff's counsel would have been entitled to using a lodestar calculation. *See* **Exhibit B** for contemporaneous records of Plaintiff's counsel's time expended on this case.

Given Plaintiff's counsel's significant experience representing plaintiffs in New York state and federal courts in wage and hour litigation, Plaintiff's counsel was able to obtain a satisfactory result relatively quickly under the circumstances. A brief biography of the attorneys who performed substantial work in this matter is as follows:

Andrea Batres is a partner at Bell Law Group. She graduated from Hofstra Law School in 2010, and is admitted to practice in New York State as well as the U.S. District Court for the Eastern District of New York. Ms. Batres represents private as well as federal and public sector employees in all areas of employment discrimination, harassment, disability, contracts and other employment-related matters. Ms. Batres has extensive knowledge and experience in wage and hour litigation, prevailing wage cases and class action matters. Ms. Batres bills out at a rate of $400 per hour.

Laura Reznick is a senior associate with the law firm of Bell Law Group, PLLC. She graduated *cum laude* from NYU School of Law in 2013 and is admitted to practice law in New York and California. Throughout Ms. Reznick's career, she has worked primarily on plaintiff-side employment litigation, with a focus on wage and hour issues. She has handled numerous individual and class action wage and hour disputes, the majority of which have resulted in settlement.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                                        Respectfully submitted,

                                                        BELL LAW GROUP, PLLC

                                                        _____/s/_____
                                                        Andrea Batres, Esq.
                                                        Attorneys for Plaintiff
                                                        116 Jackson Ave.
                                                        Syosset, NY 11791
                                                        Tel: 516-280-3008
                                                        Fax: 516-706-4692
                                                        ab@belllg.com